UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL J. WELLS,

                Plaintiff,

      -against-                                        9:17-CV-0468 (LEK/ML)

MATTHEW HANLON, *et al.*,

                Defendants.

## DECISION AND ORDER

### I. INTRODUCTION

Pro se plaintiff Michael Wells brings this this action against defendants Matthew Hanlon, John Locastro, James Edwards, Anthony Turo, Rex Vosberg, Jane Doe, (university security guard sergeant, SUNY Upstate Medical Center), and John Doe (university security guard sergeant, SUNY Upstate Medical Center). Dkt. No. 1 ("Complaint"). On April 22, 2019, Defendants filed a motion for summary judgment. Dkt. No. 54 ("Summary Judgment Motion"); see also Dkt. Nos. 57 ("Response"), 58 ("Reply"). On September 20, 2019, the Honorable Miroslav Lovric, United States Magistrate Judge, recommended that the Summary Judgment Motion be granted in part and denied in part. Dkt. No. 61 ("Report-Recommendation"). Defendants filed a partial objection. Dkt. No. 62 ("Objection"). For the reasons that follow, the Report-Recommendation is adopted in part and rejected in part.

### II. BACKGROUND

The facts and allegations in this case were detailed in the Report-Recommendation, familiarity with which is assumed. To recount briefly, on April 12, 2017, Plaintiff, then an inmate at Five Points Correctional Facility, was admitted to SUNY Upstate University Hospital

after swallowing several foreign objects, including a pen, headphone jacks, a rubber glove, a paper clip, sewing needles, batteries, a toothpaste tube, and eyeglasses. Dkt. No. 54-5 ("Wells Deposition") at 20–21. On the morning of April 13, 2017, Plaintiff testifies that he informed defendant Dr. Hanlon that he did not wish to undergo surgery. Id. at 53–57. That afternoon, Plaintiff states that he also informed defendant Sgt. Edwards that he did not want to have surgery, and that Edwards relayed this request to hospital staff. Compl. at 3. But later that afternoon, all named defendants other than Hanlon—who was not present—participated in an incident in Plaintiff's hospital room in which Plaintiff was restrained, injected with Haldol, beaten, and smothered into unconsciousness with a pillow. Compl. at 3–4. Plaintiff did not regain consciousness until the next day, at which point he realized Hanlon had performed abdominal surgery on him while he was unconscious. Id. at 4. Defendants dispute these allegations and claim that Plaintiff consented to the procedure. See Dkt. Nos. 55-3 ("Surgery Consent Form"); 55-4 ("Anesthesia Consent Form"). Plaintiff maintains that he did not sign any such forms, and that his signature is forged. Wells Dep. at 87–91.

In his Complaint, Plaintiff asserted constitutional claims against all defendants, as well as assault and battery claims against Hanlon. Compl. Defendants moved for summary judgment. SJ Motion. Judge Lovric recommended granting summary judgment for Locastro, Edwards, Turo, and Vosberg on the grounds that Plaintiff failed to exhaust his administrative remedies, and recommended dismissing the Doe defendants sua sponte. R. & R. at 20. Id. However, Judge Lovric recommended that summary judgment be denied as to Hanlon's claims that: (1) Plaintiff failed to administratively exhaust his claims; (2) Hanlon is entitled to qualified immunity; and (3) Plaintiff's assault claim fails as a matter of law. Id. Hanlon was the only party to file an

objection, and he objects only to the recommendation that the assault claim survive summary judgment. Obj.

## III. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

## IV. DISCUSSION

### A. Assault Claim Against Hanlon

3

The Magistrate Judge recommended that the Court deny Defendants' Summary Judgment Motion as to the assault claim against Hanlon. R. & R. at 19.¹ Hanlon objected, arguing that even under Plaintiff's version of the facts, Hanlon did not place Plaintiff in "imminent apprehension of harmful contact," as is required to state a claim for assault. Obj. at 2. Because Hanlon has filed a specific objection, the Court reviews this portion of the Report-Recommendation de novo. 28 U.S.C. § 636(b).

Under New York law, "To recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact." Bastein v. Sotto, 749 N.Y.S.2d 538, 539 (2002). Hanlon argues that it is uncontested that he did not place Plaintiff in any such apprehension. Plaintiff allegedly informed Hanlon that he did not want the surgery on the morning of April 13, 2017. Wells Dep. at 53–57. It was not until several hours later that Plaintiff was rendered unconscious, and it is undisputed that Hanlon was not involved in that incident. Compl. at 3; Wells Dep. at 57. Nor is it disputed that Plaintiff did not wake up until the next day, after the surgery had been performed. Compl. at 4. Thus, Hanlon argues, Plaintiff could not fear Hanlon's contact during and immediately before the surgery because he was unconsciousness. Obj. at 1–2.

Hanlon is correct. "In unusual circumstances, it is possible for a defendant to commit battery but not assault." S.R. ex rel. M.R. v. Turnbull, No. 12-CV-1052, 2013 WL 1285411, at *3 (S.D.N.Y. Mar. 28, 2013). As one New York court has noted, "[W]here it is claimed that the plaintiff was unconscious, he could not have been in apprehension of imminent harmful or offensive contact." Tom v. Lenox Hill Hosp., 627 N.Y.S.2d 874, 876 (Sup. Ct. 1995). Here,

---

¹ As Judge Lovric noted, Hanlon did not move for summary judgment on Plaintiff's battery claim against him. R. & R. at 18 n.17.

Plaintiff alleges he was unconscious well before, and through the duration of, the unwanted surgery. Wells Dep. at 50. While Plaintiff may have experienced imminent apprehension of offensive contact when restrained and administered Haldol on the evening of April 13, 2017, Hanlon was not involved in that incident. Compl. at 3; Wells Dep. at 57. Plaintiff had not spoken to Hanlon since that morning, and while Plaintiff alleges that he informed Hanlon he did not wish to have the surgery, Plaintiff has not alleged that anything about that interaction caused Plaintiff to fear imminent harm.[2] See Wells Dep. at 53–57.

In denying the Summary Judgment Motion on this claim, the Report-Recommendation cited Oates v. New York Hospital for the proposition that "assault is a viable theory of recovery in circumstances where a medical procedure is performed, against a competent patient's expressed wishes, in a nonexigent situation." 131 A.D.2d 368, 370 (1987). Oates, in turn, references the oft-cited Schloendorff v. Soc'y of New York Hosp., in which Judge Cardozo wrote, "Every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent, commits an assault, for which he is liable in damages." 211 N.Y. 125, 129–30 (1914).

But while these cases use the word "assault," they do not use that word to describe the civil claim asserted by Plaintiff. There is no discussion of the elements of assault in these cases, and no mention of the requisite "physical conduct placing the plaintiff in imminent apprehension of harmful contact." Bastein, 749 N.Y.S.2d at 539. As another court in this circuit has noted,

---

[2] Plaintiff also does not allege that Hanlon directed the other Defendants to subdue Plaintiff in a manner that caused him imminent apprehension of harmful contact. Thus, the Court does not consider whether Hanlon could be liable for indirectly causing Plaintiff such apprehension. Cf. Glover v. Oppleman, 178 F. Supp. 2d 622 (W.D. Va. 2001) (finding that a supervisor could be liable for battery when he did not personally touch a plaintiff's breasts but had instructed an employee to do so).

5

"While an 'assault' in the civil context requires only that the complainant be put in fear of harmful contact, the reference to 'assault' in . . . other New York cases is used to mean the common law tort of 'battery,' which requires actual contact." Meyers v. Epstein, 232 F. Supp. 2d 192, 198 (S.D.N.Y. 2002) (citing cases in which the term "assault" has been used in this manner); see also 8 American Law of Torts § 26:1 ("Because most cases of assault and battery arise out of a single transaction, it has become customary to refer in legal terminology to the term 'assault and battery' as if it were a legal unit or a single concept. In most jurisdictions, however, assault and battery are separate and different acts, each with independent significance.").

The Magistrate Judge also recommended that the assault claim survive "[i]n light of the Court's recommendation that Plaintiff's Fourteenth Amendment claim against Hanlon survive[] summary judgment." R. & R. at 19. This appears to refer to the recommendation that Hanlon not be entitled to qualified immunity on the Fourteenth Amendment claim. See id. at 16–18. While it may follow that Plaintiff would also not be entitled to qualified immunity on the assault claim, the fact that the assault claim fails as a matter of law negates this point.

Thus, because Hanlon did not place Plaintiff in imminent apprehension of harmful conduct, the Court grants Hanlon's Motion for Summary Judgment as to the assault claim against him.

### B. Remaining Claims

No objections were raised to the remaining recommendations. Thus, the Court reviews these portions of the Report-Recommendation for clear error, Barnes, 2013 WL 1121353, at *1, and finds none.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 61) is **ADOPTED in part and REJECTED in part; and it is further**

**ORDERED**, that Defendants' Motion for Summary Judgment is **GRANTED** as to the administrative exhaustion defense raised by defendants Locastro, Edwards, Turo, and Vosberg; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment is **GRANTED** as to the assault claim against defendant Hanlon; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment is **DENIED** as to Hanlon's exhaustion and qualified immunity defenses; and it is further

**ORDERED**, that the claims against Jane Doe and John Doe are **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 21, 2020
         Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge